UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Viraj Dass, # 12221-041, | C/A No. 4:11-352-MBS-TER |
| Plaintiff, | |
| vs. | Report and Recommendation |
| John Doe No. 1, Physician; Thomas Webster, Medical Doctor; Joe Williams, Physician Assistant; R.V. Veach, Warden; John Doe No. 2, Physician; John Doe No. 3, Counselor; Aruanava Saha, Mid Level Practitioner; L. Fuertes-Rosario, Health Serv. Admin.; J. Matterson, Med. Record Tech.; Valerie Smith, Physicians Assistant; Hector Lopez, Medical Doctor; Mary M. Mitchell, Warden, | |
| Defendants. | |

On February 16, 2011, Plaintiff Viraj Dass ("Plaintiff") filed this case alleging various claims for violations of his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] Defendants filed a motion for summary judgment on June 14, 2012. Because Plaintiff is proceeding pro se, he was advised on or about June 18, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the procedure for motion for summary judgment and the possible consequences if he failed to respond adequately. Plaintiff has failed to file a response.[2]

---

[1] In Bivens, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Case law involving § 1983 claims is applicable in Bivens actions and vice versa. Id.. See also Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir.1988).

[2] Defendants informed the court that Plaintiff was released from his federal conviction on May 26, 2011, and turned over to the Bureau of Immigration and Customs Enforcement ("ICE") due to a

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of Plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the Defendant;

(3) the history of the Plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion for summary judgment or the Court's order requiring him to respond. The undersigned concludes the Plaintiff has abandoned this lawsuit. It appears there are no less drastic sanctions available. Accordingly, it is recommended that this action dismissed pursuant to Fed. R. Civ. Proc. 41(b).

**CONCLUSION**

---

valid detainer. Defendant was advised by ICE Officer Kent Ray that an order of deportation was entered for Plaintiff. On August 19, 2011, Plaintiff was "pending issuance of a travel document to effectuate his removal from the Untied States." (See doc. # 39). On November 14, 2011, Plaintiff filed a notice of change of address with the court.

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
August 2, 2012

**The parties' attention is directed to the important information on the attached notice.**